## Terrerri *v.* Jutte et al., Appellants.

*Contract—Entire and severable—Evidence—Question for jury.*

In an action upon a contract, plaintiff alleged that he was first employed by defendants as superintendent of their stone quarry at a certain salary per month; that afterwards and in addition thereto he was requested by them to secure supplies, provisions, etc., for boarding their men engaged in and about the quarry, and to transact other business for them, for which he was to be reimbursed. This suit was brought for expenses incurred for boarding the workmen. Defendants denied that such was the contract, and averred that plaintiff undertook to operate the quarry at his own expense for employees, for which he was to receive from defendants $4.25 per cubic yard of stone at the quarry. It appeared that plaintiff had previously recovered a judgment against defendants before a justice of the peace, the record of the justice showing that the claim was merely for salary. *Held*, that the second action was maintainable and that the question as to what was the contract between the parties was for the jury.

Argued Nov. 3, 1893. Appeal, No. 88, Oct. T., 1893, by defendants, W. C. Jutte et al., trading as Jutte, Stratton & Foley, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 12, on verdict for plaintiff, Carmine Terrerri. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Assumpsit to recover the amount of money paid for board of workmen employed in defendant's quarry; also for freight, supplies and traveling expenses paid on defendant's account. Before KENNEDY, P. J.

The facts appear by the opinion of the Supreme Court.

Defendants' points were as follows:

" 1. If the jury believe that the plaintiff could have included his entire claim or demand on the defendants in the action brought by him against said defendants, at Uniontown, upon August 7, 1890, and that whatever sum, if any, is due from them now for board was due then, then the plaintiff cannot recover in this action anything which he might have recovered then (for board), and the verdict should be for the defendants as far as the claim for board is concerned." Refused.

" 2. Under all the evidence in this case, the verdict should be for the defendants so far as the claim for board is concerned." Refused.

Verdict and judgment for plaintiff for $625.75. Defendants appealed.

*Errors assigned* were above instructions, quoting them.

*W. P. Potter, Wm. A. Stone* with him, for appellants, cited: Sykes v. Gerber, 98 Pa. 179; Dutton v. Shaw, 35 Mich. 431; O'Beirne v. Lloyd, 43 N. Y. 248; Rosenmuller v. Lampe, 89 Ill. 212; Guernsey v. Carver, 8 Wend. 492; Bendernagle v. Cocks, 19 Wend. 207; Oliver v. Holt, 11 Ala. 574; Bunnel v. Pinto, 2 Conn. 431; Lane v. Cook, 3 Day, 255; Ingraham v. Hall, 11 S. & R. 78; Borngesser v. Harrison, 12 Wis. 544; Memmer v. Carey, 30 Minn. 458; Myers v. South Bethlehem, 149 Pa. 85.

*James T. Buchanan, Montooth Bros.* with him, for appellee, cited: Killion v. Wright, 34 Pa. 92; Croft v. Steele, 6 Watts, 373; Carmony v. Hoober, 5 Pa. 309; Gibson's Ap., 108 Pa. 244; Tams v. Lewis, 42 Pa. 402.

OPINION BY MR. CHIEF JUSTICE STERRETT, Dec. 30, 1893:

If this case were here on a motion for a new trial, there might be some excuse for the implied reflection on the integrity of the

jury, contained in defendant's printed argument, viz.: that they found in favor of plaintiff because the defendants "are known as well-to-do contractors, able to respond in any claim for damages which may be brought against them." Such a gratuitous charge against the constitutional triers of fact is foreign to an argument addressed to us on questions of law, especially when the testimony before the jury discloses a more substantial basis for their verdict. If, for any such reason as that suggested by the defendants, the verdict should have been set aside and a new trial ordered, the court below was the proper forum. The record does not show that such relief was even asked.

It is conceded that plaintiff was employed by defendants in the spring of 1890, and continued in their service for nearly three months, but the parties differ very widely as to the terms, etc., of their contract relation. Plaintiff alleged and testified, in substance, that he was first employed by defendants as superintendent of their stone quarry at a salary of $100 per month; that, afterwards, and in addition thereto, he was requested by them to procure supplies, provisions, etc., for boarding their men engaged in and about the quarry, and to transact other business for them; for which expenditures, outlays for traveling expenses, etc., as set forth in his statement of claim, they promised to reimburse him, etc.

It is conceded that, for amount due him as monthly salary, plaintiff brought suit before a justice of the peace in Fayette county and recovered a judgment for $266.66, which was afterwards paid by defendants, and, of course, is not included in this action.

The defendants testified to an entirely different version of the contract; that, in substance, plaintiff undertook to operate the stone quarry, at his own expense for employees, etc., for which they were to pay him $4.25 per cubic yard of stone at the quarry. They denied having made any other than this single contract with the plaintiff, in relation to the matters in controversy.

Without further reference to the testimony of the respective parties to the suit, it is very evident there was a direct conflict as to the facts upon which the right of the plaintiff to recover depended. His testimony was in support of his statement of claim. As to material facts, he was contradicted by one or

more of the defendants. Outside of the principals to the contract, there was very little, if any, direct testimony as to its terms. It thus became the duty of the jury to consider and weigh all the testimony, pass upon the credibility of the respective witnesses, and ascertain, as best they could, what the facts were. The only inference that can be legitimately drawn from their verdict, considered in connection with the clear and comprehensive charge of the learned president of the common pleas, is that they found the controlling facts to be substantially as claimed and testified to by the plaintiff. That finding is really the gravemen of the defendants' complaint; but we are powerless to relieve them,—even if we were satisfied that they are entitled to relief,—unless the verdict resulted from some erroneous ruling of the court.

In view of plaintiff's testimony, before the jury, for their consideration, it would have been error to have charged as requested in defendants' first point. If the contract was as he testified, that defendants agreed to pay him $100 per month for his services as superintendent of their quarry, he had an undoubted right to bring suit for that as a distinct and independent claim, which had no necessary connection with either of the items of claim embraced in this suit. He was not bound, under penalty of forfeiting his right to the latter items to include them in his suit for services as superintendent. Authority for so plain a proposition as that is unnecessary. The transcript of the justice, before whom that suit was brought, clearly shows that plaintiff's claim in that case was for services at defendants' stone quarry, " two months and twenty days at one hundred dollars per month, amounting to two hundred and sixty-six and two thirds dollars."

For a like reason, there was no error in refusing to charge that " under all the evidence the verdict should be for defendants, so far as the claim for board is concerned." If plaintiff's testimony, as to the contract, was believed, as it evidently was, he was entitled to recover for that as well as other items.

The case was carefully and correctly tried, and fairly submitted to the jury with full and adequate instructions. There is nothing in the record that would justify a reversal of the judgment.

Judgment affirmed.